UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARK A. STARKEY, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV131 RWS |
| | ) | |
| HEATH SPACKLER, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it appears that petitioner has not fully presented his claims to the Missouri courts, petitioner will be required to show cause why his petition should not be dismissed for failure to fully exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

### Background

Petitioner, an inmate at Western Missouri Correctional Center, seeks relief pursuant to § 2254. Petitioner states that on September 7, 2011, following a jury trial, he was sentenced to four years on each of four counts of Aggravated Stalking in St. Louis County Circuit Court.[1] The sentences were to run consecutively. *See State v. Starkey*, No. 10SL-CR02334-01.

After his conviction and sentence, petitioner filed a plethora of motions in various Missouri courts seeking to overturn his conviction and sentence. He first filed various post-trial motions in his criminal action. On September 9, 2011, petitioner filed a motion for

---

[1] Petitioner was originally charged in the Circuit Court of Butler County, Missouri; however, the trial court granted his motion for change of venue, and the matter was moved for trial to St. Louis County, Missouri.

post-conviction relief with the trial court, pursuant to Rule 29.15. *See Starkey v. State*, No. 11SL-CC03846. The Court dismissed the petition without prejudice on October 6, 2011, as his filing was clearly premature.[2]

Petitioner filed a direct appeal of his conviction on September 14, 2011. His conviction and sentence were affirmed on October 2, 2012. *See State v. Starkey*, 380 S.W.3d 636 (Mo.Ct.App. 2012). Petitioner filed both a motion to recall the mandate and a motion for transfer to the Missouri Supreme Court. Both motions were denied.

On June 11, 2012, petitioner filed an application for writ of habeas corpus in St. Louis County Court. The application for writ was denied on June 13, 2012. *See Starkey v. Wallace*, No. 12SL-CC02212.

On October 18, 2012, petitioner filed a motion for post-conviction relief, pursuant to Rule 29.15, in St. Louis County Court. Petitioner's motion was denied on December 10, 2013. *See Starkey v. State*, No. 12SL-CC04163. On January 16, 2014, petitioner filed his post-conviction appeal. *See Starkey v. State*, No. ED101148. This matter is fully briefed and still awaiting review before the Eastern District Court of Appeals.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

---

[2]Petitioner has filed a myriad of motions before several different courts seeking writs of habeas corpus, writs of prohibition and other collateral relief. Because none of these motions appear salient to the exhaustion issue in this instance, the Court will not take the time to list them here.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>    (A) the applicant has exhausted the remedies available in the courts
>
>    of the State . . .

In this case, it is apparent that the Missouri Appellate Court has not yet ruled on petitioner's post-conviction appeal. As a result, petitioner's available state remedies have not yet been exhausted, and the petition is subject to dismissal without prejudice.

Under the aforementioned circumstances, petitioner will be required to show cause, within thirty (30) days of the date of this Memorandum and Order, why his petition should not be dismissed due to petitioner's failure to fully exhaust his state court remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, within thirty (30) days of this Memorandum and Order, why his application for writ of habeas corpus shall not be dismissed for failure to fully exhaust his state court remedies.

Dated this 16th day of January, 2015.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE